1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DYANNE L. SCHWALM,

                        Plaintiff,

    v.

ANDREW SAUL,[1]
Commissioner of Social Security,

                        Defendant.

2:18-cv-01587-APG-CLB

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE[2]**

Plaintiff Dyanne L. Schwalm ("Schwalm") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability benefits. Schwalm asserts the Commissioner's decision must be reversed and/or remanded for further proceedings because the Commissioner's findings that Schwalm could perform past relevant work and is not disabled were not supported by substantial evidence. (ECF No. 20.) Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the court concludes the Commissioner's decision is supported by substantial evidence and should be affirmed.   Therefore, the court recommends that Schwalm's motion for reversal and/or remand, (ECF No. 20), be denied, and the Commissioner's cross-motion to affirm, (ECF No. 26), be granted.

//

//

//

///

[1]    Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]    This Report and Recommendation is made to the Honorable Andrew P. Gordon, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1    **I.      STANDARDS OF REVIEW**

2           A.      Judicial Standard of Review

3           This Court's review of administrative decisions in social security disability benefits

4    cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

5    (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

6    the Commissioner of Social Security made after a hearing to which he was a party,

7    irrespective of the amount in controversy, may obtain a review of such decision by a civil

8    action ... brought in the district court of the United States for the judicial district in which

9    the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record,

10   a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

11   Security, with or without remanding the cause for a rehearing." *Id.*

12          The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is

13   based on proper legal standards and the findings are supported by substantial evidence

14   in the record.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42

15   U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a

16   preponderance."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal

17   quotation marks and citation omitted).  "It means such relevant evidence as a reasonable

18   mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S.

19   389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v.*

20   *NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*,

21   433 F.3d 683, 686 (9th Cir. 2005).

22          To determine whether substantial evidence exists, the Court must look at the

23   administrative record as a whole, weighing both the evidence that supports and

24   undermines the ALJ's decision.  *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995)

25   (citation omitted). Under the substantial evidence test, a court must uphold the

26   Commissioner's findings if they are supported by inferences reasonably drawn from the

27   record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003).

28   "However, if evidence is susceptible of more than one rational interpretation, the decision

1   of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted).  The ALJ alone is

2   responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172

3   F.3d 1111, 1113 (9th Cir. 1999).

4   It is incumbent on the ALJ to make specific findings so that the court does not

5   speculate as to the basis of the findings when determining if substantial evidence supports

6   the Commissioner's decision. The ALJ's findings should be as comprehensive and

7   analytical as feasible and, where appropriate, should include a statement of subordinate

8   factual foundations on which the ultimate factual conclusions are based, so that a

9   reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d

10  1197, 1200 (9th Cir. 1990).

11  B.   Standards Applicable to Disability Evaluation Process

12  The individual seeking disability benefits bears the initial burden of proving

13  disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the

14  individual must demonstrate the "inability to engage in any substantial gainful activity by

15  reason of any medically determinable physical or mental impairment which can be

16  expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. §

17  423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in

18  support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes

19  an inability to perform his prior work, then the burden shifts to the Commissioner to show

20  that the individual can perform other substantial gainful work that exists in the national

21  economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

22  The ALJ follows a five-step sequential evaluation process in determining whether

23  an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140

24  (1987). If at any step the ALJ determines that he can make a finding of disability or non-

25  disability, a determination will be made, and no further evaluation is required. *See* 20

26  C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step

27  requires the ALJ to determine whether the individual is currently engaging in substantial

28  gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work

1   activity that is both substantial and gainful; it involves doing significant physical or mental

2   activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b).

3          The second step addresses whether the individual has a medically determinable

4   impairment that is severe or a combination of impairments that significantly limits him from

5   performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

6   combination of impairments is not severe when medical and other evidence establish only

7   a slight abnormality or a combination of slight abnormalities that would have no more than

8   a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social

9   Security Rulings ("SSRs") 85-28 and 96-3, p1.

10          The third step requires the ALJ to determine whether the individual's impairment or

11   combination of impairments meets or medically equals the criteria of an impairment listed

12   in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525,

13   404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of

14   impairments meets or equals the criteria of a listing and meets the duration requirement

15   (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§

16   404.1520(h), 416.920(h). If the individual's impairment or combination of impairments

17   does not meet or equal the criteria of a listing or meet the duration requirement, then the

18   analysis proceeds to the next step.

19          Prior to considering step four, the ALJ must first determine the individual's residual

20   functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-

21   by-function assessment of the individual's ability to do physical and mental work-related

22   activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making

23   this finding, the ALJ must consider all of the symptoms, including pain, and the extent to

24   which the symptoms can reasonably be accepted as consistent with the objective medical

25   evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p.

26          After making the RFC determination, the ALJ must then turn to step four in order to

27   determine whether the individual has the RFC to perform her past relevant work. 20 C.F.R.

28   §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the

1   individual actually performed it or as it is generally performed in the national economy

2   within the last 15 years or 15 years prior to the date that disability must be established. In

3   addition, the work must have lasted long enough for the individual to learn the job and

4   performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the

5   individual has the RFC to perform his past work, then a finding of not disabled is made. If

6   the individual is unable to perform any past work or does not have any past work, then the

7   analysis proceeds to the fifth and last step.

8           The fifth step requires the ALJ to determine whether the individual is able to do any

9   other work considering his RFC, age, education, and work experience. 20 C.F.R. §§

10  404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is

11  made. Although the individual generally continues to bear the burden of proving disability

12  at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is

13  responsible for providing evidence that demonstrates that other work exists in significant

14  numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc.*

15  *Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

16  **II.      CASE BACKGROUND**

17          A.      ALJ's Findings Steps One through Three

18          Schwalm applied for disability insurance benefits on February 20, 2014 with an

19  alleged disability onset date of January 4, 2014.  (AR 261-262.)  The application was

20  denied initially, (AR 203-206), and on reconsideration. (AR 210.)   Schwalm then

21  requested, and received a hearing before an ALJ, which took place on May 25, 2015.  (AR

22  214-215; 140-176.)  On June 30, 2016, the ALJ issued his decision denying Schwalm's

23  application.  (AR 33-50.)

24          At the outset, the ALJ found Schwalm met the insured status requirements of the

25  Act with respect to her claim through December 31, 2017. (AR 38.)  At step one, the ALJ

26  found Schwalm had not engaged in substantial gainful activity since the alleged onset date

27  of January 4, 2014.  (*Id.*)  At step two, the ALJ found Schwalm had the following severe

28  impairments: left distal radial fracture, status-post surgical fixation; arthritis and spurring

of the left foot; plantar fasciitis; lumbar strain; and obesity.  (*Id.*)  At step three, the ALJ found Schwalm does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  (AR 39.)  The ALJ then concluded Schwalm had the residual functional capacity ("RFC") to perform light work and imposed the following limitations:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; handling and fingering with the left upper extremity (non-dominant) is limited to occasional; no restrictions on the right upper extremity (dominant); avoid concentrated exposure to vibrations; postural are limited to an occasional basis; stand and walk three to four hours in an eight-hour workday, and sit six hours in an eight-hour workday, with normal breaks; and preclude any ladders, ropes or scaffolds, unprotected heights or dangerous moving machinery.

(AR 41).

## B.    The ALJ's Step Four Findings

The ALJ's decision next turned to step four to determine whether Schwalm was capable of performing any past relevant work. The evidence at step four consisted of Schwalm's testimony, Schwalm's "prior work history" form, (AR 282-291), the testimony of the Vocational Expert ("VE"), (AR 166-176), and the classifications of Schwalm's prior work as provided by the Dictionary of Occupational Titles ("DOT"). (*See* AR 167-168).

On the "past work history form," Schwalm self-reported she held several jobs prior to the alleged onset of her disability, including two positions as "night auditor." First, between November 1999 to November 2002, Schwalm stated she held the position of "front desk rep/night auditor" for a hotel/casino. (AR 282). She described this position as taking "rent payments, customer service, sorting mail and balancing and auditing" the cash receipts. (AR 285.) Schwalm stated she would stand for three hours, sit for three hours, stoop for an hour and crouch for an hour on an average work-day. (*Id.*) Moreover, she explicitly stated that she did not "handle, grab, or grasp big objects" or "write, type or handle small objects." (*Id.*) Finally, she claimed she was only required to lift and/or carry "small amounts of mail to sort and put in boxes about six feet away." (*Id.*)

1    Between December 2002 to February 2007, Schwalm stated she worked as a "front

2    desk/night auditor" for a hotel. (AR 282.) Schwalm described this position as involving

3    customer service, checking guests in and out of the hotel, daily auditing and cash

4    balancing and supervising some employees. (AR 286). This position required

5    approximately one hour of walking, three hours of standing and sitting, and only one hour

6    of typing, writing or handling small objects in a day. (*Id.*) Schwalm indicated she did not lift

7    or carry anything in this position. (*Id.*)

8        At the hearing, the VE testified about Schwalm's prior past relevant work. (AR 166-

9    176). The VE classified Schwalm's past relevant work as a "night auditor" pursuant to DOT

10   code 210.382-054, which she stated was a "skilled, sedentary work position." (*Id.* at 167).

11   Per DOT code 210.382-054, the position of night auditor, "verifies and balances entries

12   and records of financial transactions reported by various hotel departments during the day,

13   using adding bookkeeping, and calculating machines." The DOT also indicates that

14   handling and fingering are frequently required, meaning "from 1/3 to 2/3 of the time." *Id.*

15   The DOT does not state whether the handling or fingering requirement pertains to both

16   upper extremities or only one extremity.

17       Based on this classification, the ALJ specifically asked the VE a hypothetical

18   question to determine what, if any, past relevant work Schwalm could perform given

19   various limitations. Of particular significance the hypothetical included the limitation of

20   handling and fingering of the non-dominant left upper extremity to occasional, with no limits

21   on the use of the dominant right upper extremity. (AR 167; 169). Based on the

22   hypothetical, the VE testified Schwalm could perform the position of night auditor as

23   defined by DOT code 210.382-054. (AR 169.) Of note, the VE explicitly testified that even

24   with only occasional use of one upper extremity, it was her opinion night auditor was still

25   an appropriate position.  (AR 169).

26       On cross examination, the VE acknowledged that to be effective as a night auditor,

27   the person would likely have to be able to use both hands. (AR 172). The VE further

28   acknowledged she did not know if the workload for a night auditor "was so demanding that

they couldn't do the job with only one hand." (*Id.*) Finally, the VE admitted she had never placed anyone in the position of night auditor with a limitation on one arm. (*Id.*)

The ALJ found Schwalm was capable of performing her past relevant work as a "night auditor" based on the information provided in the record and the testimony provided by the VE. The ALJ found an individual with Schwalm's RFC could perform all of the duties of a night auditor as both "generally" and "actually" performed by Schwalm. The ALJ concluded that the VE's testimony was credible and consistent with the information contained in the DOT and the record and was uncontradicted by any other evidence. (AR 45-46). To the extent the VE's testimony may be "inconsistent" with the DOT, the ALJ stated he accepted the VE's testimony as uncontradicted opinion testimony based on the VE's years of professional observation and experience. (AR 46). Based on these findings, the ALJ concluded Schwalm was not disabled as defined in the Social Security Act and denied her application for benefits.  (AR 46.)

On June 28, 2018, the Appeals Council denied review of the ALJ's decision. (AR 1-7). Therefore, the ALJ's decision became the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(h), (g).

**III.    ISSUE**

The sole issue raised for review is whether substantial evidence supports the ALJ's decision that Schwalm was not disabled because she could perform past relevant work as a night auditor.

**IV.    DISCUSSION**

Schwalm claims the ALJ's decision should either be reversed or remanded for further proceedings because there is not substantial evidence to support the ALJ's finding at step four that Schwalm could perform past relevant work as a night auditor. (ECF No. 20). According to Schwalm, DOT code 210.382-054 for "night auditor" requires "frequent handling and fingering" without reference to whether this requirement is for one or both hands. (ECF No. 7). However, the VE testified Schwalm could perform this position, in spite of the ALJ's hypothetical, which specifically limited the left upper extremity to only

1   occasional handling and fingering, with no restrictions on the right upper extremity. (*Id.*)

2   As the VE's testimony is inconsistent with the DOT, Schwalm asserts the ALJ was required

3   to reconcile this inconsistency, which he failed to do and could not do based on the record.

4   (*Id.* at 8-9).

5           At step four, a claimant has the burden of proving that she cannot return to her past

6   relevant work as actually or generally performed in the national economy. *Lewis v.*

7   *Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th

8   Cir. 2001). Although the burden of proof lies with the claimant at step four, the ALJ still

9   has a duty to make the requisite factual findings to support his conclusion. *Pinto*, 249 F.3d

10  at 844. Per the regulations, the claimant must be able to perform: (1) the actual functional

11  demands and job duties of a particular past relevant job; or, (2) the functional demands

12  and job duties of the occupation as generally required by employers throughout the

13  national economy. *Pinto*, 249 F.3d at 845; SSR 82–61. This requires specific findings as

14  to the claimant's residual functional capacity, the physical and mental demands of the past

15  relevant work, and the relation of the residual functional capacity to the past work. SSR

16  82–62.

17          Contrary to Schwalm's arguments, there is substantial evidence in the record to

18  support the ALJ's finding that Schwalm could perform her past relevant work as a night

19  auditor based on how she actually performed the position. "Substantial evidence is more

20  than a mere scintilla but less than a preponderance." *Bayliss*, 427 F.3d at 1214 n.1. It only

21  requires such relevant evidence that a reasonable person might accept as adequate to

22  support a conclusion. *Richardson*, 402 U.S. at 401.

23          In this instance, Schwalm's own, self-reported descriptions of how she actually

24  performed the position of night auditor establishes that the handling and fingering required

25  for the position was minimal and did not require the frequent use of both upper extremities.

26  In her first night auditor position, Schwalm stated that she was not required to handle or

27  finger at all. (AR 285). In her second position, Schwalm stated that she only spent one

28  hour per work-day handling or fingering. (AR 286.) Based on the balance of the description

1   of her positions as a night auditor, while compared to the RFC determined by the ALJ,

2   there is substantial evidence to support the finding that Schwalm could perform this

3   position, as actually performed.

4       Schwalm's arguments that the VE testimony conflicted with the DOT and therefore

5   must be reconciled by the ALJ relate only to how the position would be "generally"

6   performed in the national economy. Therefore, even if the ALJ erred in failing to

7   adequately reconcile this conflict, the court agrees with the Commissioner that this error

8   was harmless. An error is harmless if it is clear from the record that the error is

9   inconsequential to the ultimate nondisability determination. *Robbins v. Social Sec. Admin.*,

10  466 F.3d 880, 885 (9th Cir. 2006). The ALJ's finding that Schwalm could perform her past

11  relevant work as a night auditor was based on the ALJ's conclusion that Schwalm could

12  perform these positions both as she actually performed the position and as it would be

13  generally performed. However, the alleged conflict asserted by Schwalm with the DOT

14  and the VE's testimony only relates to how the position would generally be performed in

15  the national economy. The regulations indicate the claimant must be able to perform their

16  last work either as actually performed *or* as generally performed. *Pinto*, 249 F.3d at 845

17  (Ninth Circuit does not require findings at step four as to both work generally performed

18  and actually performed). As there is substantial evidence to support the ALJ's conclusion

19  that Schwalm can perform the position as a night auditor as she actually performed it, any

20  failure to reconcile issues related to how the position is generally performed would not

21  change the conclusion that Schwalm can perform her past relevant work as a night auditor.

22  Therefore, any error is harmless.

23  **IV.    CONCLUSION**

24      Having reviewed the Administrative Record as a whole, and weighing the evidence

25  that supports and detracts from the Commissioner's conclusion, the court finds the ALJ

26  and Appeals Council's decision is supported by substantial evidence and recommends

27  the decision be affirmed.  The court therefore recommends Schwalm's motion for reversal

28

and/or remand (ECF No. 20) be denied, and the Commissioner's cross-motion to affirm (ECF No. 26) be granted.

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Schwalm''s motion for reversal and/or remand (ECF No. 20) be **DENIED** and the Commissioner's cross-motion to affirm (ECF No. 26) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 7, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**