# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DYANNE L. SCHWALM,<br><br>        Plaintiff,<br><br> v.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>        Defendant. | 2:18-cv-01587-CLB<br><br><u>**ORDER**</u> |

Plaintiff Dyanne L. Schwalm ("Schwalm") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability benefits. Schwalm asserts the Commissioner's must be reversed and/or remanded for further proceedings because the Commissioner's findings that Schwalm could perform past relevant work and is not disabled were not supported by substantial evidence. (ECF No. 20.) Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the court concludes the Commissioner's decision is supported by substantial evidence and should be affirmed. Therefore, the Court denies Schwalm's motion for reversal and/or remand, (ECF No. 20), and grants the Commissioner's cross-motion to affirm, (ECF No. 26).

## I.    STANDARDS OF REVIEW

###    A.    <u>Judicial Standard of Review</u>

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

---

[1]    Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports

the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from

performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3, p1. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the

work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     CASE BACKGROUND**

     A.     <u>ALJ's Findings Steps One through Three</u>

Schwalm applied for disability insurance benefits ("DIB") on February 20, 2014 with an alleged disability onset date of January 4, 2014. (AR 261-262.) The application was denied initially (AR 203-206), and on reconsideration. (AR 210.) Schwalm then requested, and received a hearing before an ALJ, which took place on May 25, 2015. (AR 214-215; 140-176.) On June 30, 2016, the ALJ issued his decision denying Schwalm's application. (AR 33-50.)

At the outset, the ALJ found Schwalm met the insured status requirements of the Act with respect to her claim through December 31, 2017. (AR 38.) At step one, the ALJ found Schwalm had not engaged in substantial gainful activity since the alleged onset date of January 4, 2014. (*Id.*) At step two, the ALJ found Schwalm had the following severe impairments: left distal radial fracture, status-post surgical fixation; arthritis and spurring of the left foot; plantar fasciitis; lumbar strain; and obesity. (*Id.*) At step three, the ALJ found Schwalm does not have an impairment or combination of impairments that meets

or medically equals a listed impairment. (AR 39.) The ALJ then concluded Schwalm had the residual functional capacity ("RFC") to perform a perform light work and imposed the following limitations:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; handling and fingering with the left upper extremity (non-dominant) is limited to occasional; no restrictions on the right upper extremity (dominant); avoid concentrated exposure to vibrations; postural are limited to an occasional basis; stand and walk three to four hours in an eight-hour workday, and sit six hours in an eight-hour workday, with normal breaks; and preclude any ladders, ropes or scaffolds, unprotected heights or dangerous moving machinery.

(AR 41).

### B. The ALJ's Step Four Findings

The ALJ's decision next turned to step four to determine whether Schwalm was capable of performing any past relevant work. The evidence at step four consisted of Schwalm's testimony, Schwalm's "prior work history" form, (AR 282-291), the testimony of the Vocational Expert ("VE"), (AR 166-176), and the classifications of Schwalm's prior work as provided by the Dictionary of Occupational Titles ("DOT"). (*See* AR 167-168).

On the "past work history form," Schwalm self-reported she held several jobs prior to the alleged onset of his disability, including two positions as "night auditor." First, between November 1999 to November 2002, Schwalm stated she held the position of "front desk rep/night auditor" for a hotel/casino. (AR 282). She described this position as taking "rent payments, customer service, sorting mail and balancing and auditing" the cash receipts. (AR 285.) Schwalm stated she would stand for three hours, sit for three hours, stoop for an hour and crouch for an hour on an average work-day. (*Id.*) Moreover, she explicitly stated that she did not "handle, grab, or grasp big objects" or "write, type or handle small objects." (*Id.*) Finally, she claimed she was only required to lift and/or carry "small amounts of mail to sort and put in boxes about six feet away." (*Id.*)

Between December 2002 to February 2007, Schwalm stated she worked as a "front desk/night auditor" for a hotel. (AR 282.) Schwalm described this position as involving customer service, checking guests in and out of the hotel, daily auditing and cash

6

balancing and supervising some employees. (AR 286). This position required approximately one hour of walking, three hours of standing and sitting, and only one hour of typing, writing or handling small objects in a day. (*Id.*) Schwalm indicated that in this position she did not lift or carry anything. (*Id.*)

At the hearing, the VE testified about Schwalm's prior past relevant work. (AR 166-176). First, the VE classified Schwalm's past relevant work as a "night auditor" pursuant to DOT code 210.382-054, which she stated was a "skilled, sedentary work position." (*Id.* at 167). Per DOT code 210.382-054, the position of night auditor, "verifies and balances entries and records of financial transactions reported by various hotel departments during the day, using adding bookkeeping, and calculating machines." The DOT also indicates that handling and fingering are frequently required, meaning "from 1/3 to 2/3 of the time." *Id.* The DOT does not state whether the handling or fingering is required of both upper extremities or only one extremity.

Based on this classification, the ALJ specifically asked the VE a hypothetical question to determine what, if any, past relevant work Schwalm could perform given various limitations. Of particular significance the hypothetical included the limitation of handling and fingering of the non-dominant left upper extremity to occasional, with no limits on the use of the dominant right upper extremity. (AR 167; 169). Based on the hypothetical, the VE concluded Schwalm could perform the position of night auditor as defined by DOT code 210.382-054. (AR 169.) Of note, the VE explicitly testified that even with only occasional use of one upper extremity, it was her opinion night auditor was still an appropriate position. (AR 169).

On cross examination, the VE acknowledged that to be effective as a night auditor, the person would likely have to be able to use both hands. (AR 172). The VE further acknowledged she did not know if the workload for a night auditor "was so demanding that they couldn't do the job with only one hand." (*Id.*) Finally, the VE admitted she had never placed anyone in the position of night auditor with a limitation on one arm. (*Id.*)

7

Ultimately, the ALJ found Schwalm was capable of performing her past relevant work as a "night auditor" based on the information provided in the record and the testimony provided by the VE. The ALJ found an individual with Schwalm's RFC could perform all of the duties of a night auditor as <u>both</u> "generally" and "actually" performed by Schwalm. The ALJ concluded the VE's testimony credible and consistent with the information contained in the DOT and the record and was uncontradicted by any other evidence. (AR 45-46). To the extent the VE's testimony may be "inconsistent" with the DOT, the ALJ stated he accepted the VE's testimony as uncontradicted opinion testimony based on years of professional observation and experience. (AR 46). Thus, the ALJ concluded Schwalm was not disabled as defined in the Social Security Act and denied her application for benefits. (AR 46.)

On June 28, 2018, the Appeals Council denied review of the ALJ's decision. (AR 1-7). Therefore, the ALJ's became the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. §§ 405(h), (g).

**III.    ISSUE**

The sole issue raised for review is whether substantial evidence supports the ALJ's decision that Schwalm was not disabled because she could perform past relevant work as a night auditor.

**IV.    DISCUSSION**

Schwalm claims the ALJ's decision should either be reversed or remanded for further proceedings because there is not substantial evidence to support the ALJ's finding at step four that Schwalm could perform past relevant work as a night auditor. (ECF No. 20). According to Schwalm, DOT code 210.382-054 for "night auditor" requires "frequent handling and fingering" without reference to whether this requirement is for one or both hands. (ECF No. 7). However, the VE testified Schwalm could perform this position, in spite of the ALJ's hypothetical, which specifically limited the left upper extremity to only occasional handling and fingering, with no restrictions on the right upper extremity. (*Id.*) As the vocational expert's testimony is inconsistent with the DOT, Schwalm asserts the

ALJ was required to reconcile this inconsistency, which he failed to do and could not do based on the record. (*Id.* at 8-9).

At step four, a claimant has the burden of proving that she cannot return to her past relevant work as actually or generally performed in the national economy. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *Pinto*, 249 F.3d at 844. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. *Pinto*, 249 F.3d at 845; 20 C.F.R. §§ 404.1520(e) and 416.920(e). Per the regulations, the claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job; or, (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *Pinto*, 249 F.3d at 845; SSR 82–61. This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work. SSR 82–62.

Contrary to Schwalm's arguments, there is substantial evidence in the record to support the ALJ's finding that Schwalm could perform her past relevant work as a night auditor based on how she actually performed the position. "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss*, 427 F.3d at 1214 n.1. It only requires such relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401.

In this instance, Schwalm's own, self-reported descriptions of how she actually performed the position of night auditor establishes that the handling and fingering required for the position was minimal and did not require the frequent use of both upper extremities. In her first night auditor position, Schwalm stated that she was not required to handle or finger at all. (AR 285). In her second position, Schwalm stated that she only spent one hour per work-day handing or fingering. (AR 286.) Based on the balance of the description

9

of her positions as a night auditor, while compared to the RFC determined by the ALJ, there is substantial evidence to support the finding that Schwalm could perform this position, as actually performed.

Schwalm's arguments that the VE testimony conflicted with the DOT and therefore must be reconciled by the ALJ relate only to how the position would be "generally" performed in the national economy. Therefore, even if the ALJ erred in failing to adequately reconcile this conflict, the court agrees with the Commissioner that this error was harmless. An error is harmless if it is clear from the record that the error is inconsequential to the ultimate nondisability determination. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The ALJ's finding that Schwalm could perform her past relevant work as a night auditor was based on the ALJ's conclusion that Schwalm could perform these positions <u>both</u> as she actually performed the position and as it would be generally performed. However, the alleged conflict asserted by Schwalm with the DOT and the VE's testimony only relates to how the position would generally be performed in the national economy. The regulations indicate the claimant must be able to perform their last work either as actually performed *or* as generally performed. *Pinto*, 249 F.3d at 845 (Ninth Circuit does not require findings at step four as to both work generally performed and actually performed). As there is substantial evidence to support the ALJ's conclusion that Schwalm can perform the position as a night auditor as she actually performed it, any failure to reconcile issues related to how the position is generally performed would not change the conclusion that Schwalm can perform her past relevant work as a night auditor and any error is harmless.

**IV. CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the court finds the ALJ and Appeals Council's decision is supported by substantial evidence and therefore the decision is affirmed. The court therefore denies Schwalm's motion for reversal and/or

remand (ECF No. 20), and grants the Commissioner's cross-motion to affirm (ECF No. 26).

**V.  ORDER**

**IT IS THEREFORE ORDERED** that Schwalm's motion for reversal and/or remand (ECF No. 20) is **DENIED** and the Commissioner's cross-motion to affirm (ECF No. 26) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 27, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**